# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**H. SCOT LYMAN,** *et al.*,

          Plaintiffs**,**

**v.**                                                                                           **Case No. 05-C-122**

**ST. JUDE MEDICAL S.C., INC.,**

          Defendant.

## DECISION AND ORDER

The defendant, St. Jude Medical S.C., Inc. ("St. Jude"), moves the Court for an order to compel discovery responses from the plaintiffs. By civil and local rule, the moving party must include a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A); *see also* Civil L.R. 37.1 ("All motions for discovery must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord").

Counsel for St. Jude avers that the parties engaged in a "meet and confer" in compliance with these rules. (Docket No. 88, Declaration of David Turek, ¶ 4). However, the record reflects that negotiations with regard to the allegedly outstanding discovery requests took place on November 16, 2006. After that meeting, the plaintiffs were under the impression that the matter had been resolved, as plaintiffs' counsel suggested that the documents requested were already in St. Jude's possession. (Docket No. 90-2, Declaration of

Todd R. Seelman, ¶¶ 6-7). While St. Jude now argues to the contrary, the failure to even respond to plaintiffs' suggestion that the documents were already in St. Jude's possession led directly to this motion being filed. If St. Jude had responded to plaintiffs' suggestion, this motion might not have been necessary. Accordingly, St. Jude did not confer in good faith. *See Naviant Mktg. Solutions , Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) (noting the difference between "an attempt to confer" and a "good faith attempt to confer"); *Williams v. Board of County Commissioners of the Unified Gov't of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 698, 699 (D. Kan. 2000) (reasonable effort to confer requires that counsel converse, confer, compare views, consult and deliberate).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

St. Jude's Rule 7.4 Motion to Compel Discovery [Docket No. 87] is **DENIED** without prejudice to future attempts to secure compliance with the aforementioned discovery requests.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2007.

        **SO ORDERED,**

        <u>s/Rudolph T. Randa</u>
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**