UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

H. SCOT LYMAN, et al.

    Plaintiffs,

v.                                         Civil Action No. 2:05-cv-00122-RTR

ST. JUDE MEDICAL S.C., INC.,

    Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO REQUIRE ST. JUDE MEDICAL TO PRODUCE CERTAIN WITNESSES FOR PLAINTIFFS' CASE-IN-CHIEF

### INTRODUCTION

Plaintiffs H. Scot Lyman and CardioStat Medical LLC (collectively, "Plaintiffs") bring this motion *in limine* to preclude Defendant St. Jude Medical S.C., Inc. ("St. Jude") from introducing live testimony of certain witnesses unless St. Jude makes the same witnesses available for Plaintiffs' case-in-chief. The Court has the authority to grant this motion under Rule 611 of the Federal Rules of Evidence.

### STATEMENT OF FACTS

By correspondence of April 16, 2008, Plaintiffs informed St. Jude that they intend to call adversely at trial seven St. Jude witnesses in their case-in-chief and sought confirmation that St. Jude would produce them voluntarily. (Declaration of Michael J. Cohen ("Cohen Decl."), ¶ 2, Ex. A). Plaintiffs had made a similar request to St. Jude in an earlier letter prior to the trial being adjourned by the Court. (*Id.*, ¶ 3, Ex. B). By letter dated April 22, 2008, St. Jude indicated that only three of the witnesses would appear voluntarily and that the other four witnesses would not appear voluntarily either because (a) they are located outside the Court's subpoena power or (b)

because they no longer work for St. Jude. (*Id.*, ¶ 4, Ex. C). St. Jude further explained that although it may "arrange" for those four witnesses to testify *in St. Jude's case*, Plaintiffs' use of them would be limited to cross-examination at that time. (*Id.*). Two of the four witnesses at issue, John Heinmiller ("Heinmiller") and Thomas O'Brien ("O'Brien"), are high ranking officers of St. Jude. At the time of their depositions in this case, Heinmiller was St. Jude's parent company's Chief Financial Officer and Executive Vice President and was Vice President for St. Jude (Heinmiller Dep. at 7, 14, Cohen Decl., ¶ 5, Ex. D) and O'Brien was a Vice President of Sales responsible for the southern part of the country. (O'Brien Dep. at 6-7, Cohen Decl., ¶ 6, Ex. E). A third witness, James Lia ("Lia"), Plaintiffs' former direct supervisor and now a Regional Sales Director for St. Jude, was produced voluntarily by St. Jude in Milwaukee for a deposition in this case just one year ago. (Lia Dep. at 32-36; Cohen Decl., ¶ 7, Ex. F). The fourth witness, Joann Bartos, succeeded Plaintiffs as a sales representative for St. Jude in the Milwaukee area and is apparently no longer employed by St. Jude. (Cohen Decl., ¶ 4, Ex. C).[1]

Because St. Jude cannot unilaterally limit Plaintiffs' use of certain witnesses at trial, the Court should either permit Plaintiffs to call any witness who appears for St. Jude, or alternatively, preclude St. Jude from introducing those witnesses' live testimony. Additionally, Plaintiffs should be allowed to comment on the witnesses' absence at trial if St. Jude chooses not to produce them.

---

[1] St. Jude previously agreed to voluntarily produce Bartos at trial while she was still an employee of St. Jude. (Cohen Decl., ¶ 8, Ex. G). However, given that Bartos still resides in the Milwaukee area, Plaintiffs will nevertheless secure her attendance at trial by serving her with a subpoena pursuant to Fed. R. Civ. P. 45.

# ARGUMENT

## IF ST. JUDE PRODUCES WITNESSES TO TESTIFY ON ITS BEHALF AT TRIAL, PLAINTIFFS MUST ALSO BE PERMITTED TO CALL THEM IN THEIR CASE-IN-CHIEF.

Pursuant to Rule 611 of the Federal Rules of Evidence, courts have the discretion to control the manner in which trial testimony is presented. Fed. R. Evid. 611. In pertinent part, the rule provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of truth." Fed. R. Evid. 611(a).

Under Rule 611, courts have precluded parties from introducing live testimony from their witnesses if they refuse to produce the witnesses for their opponents' cases. *Maran Coal Corp. v. Societe Generale de Surveillance S.A.*, No. 92 CIV.8728 (DLC), 1996 WL 11230, at *1 (S.D.N.Y. Jan. 10, 1996); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 776 F. Supp. 838, 840 (S.D.N.Y. 1991). In *Maran Coal*, the plaintiff sought an order that the defendant make two witnesses available for examination during the plaintiff's case-in-chief. *Id.* Alternatively, in the event the court declined to order the defendant to produce the witnesses at trial, the plaintiff requested an order that the defendant also be barred from calling them to testify for the defendant. *Id.* The defendant contended that the court could not compel the witnesses' testimony since it did not have control over them and because they were outside the 100-mile radius of the court's subpoena power. *Id.* at *2. Rejecting the defendants' arguments, the court reasoned that fairness required the witnesses' production as live witnesses for both sides. *Id.* Relying on Rule 611, the court stated that it had "discretion . . . to preclude parties who refuse to honor a reasonable request for production of a key witness subject to their control, and thereby force an opponent to use a deposition, from calling the witness to testify personally during their

3

presentation of evidence." *Id.* The court held that "[t]o the extent defendants are able to produce them as trial witnesses, however, defendants should not be allowed to withhold from the jury testimony from such critical witnesses . . . until the defense case." *Id.*

Likewise, in *Gulf Oil*, the issue was whether a former officer and director of the defendant could testify for the defendant if he refused to testify during the plaintiffs' case-in-chief. 776 F. Supp. at 839. The defendant argued that the potential witness was no longer an employee and therefore, was not within its control. *Id.* The court disagreed, concluding that if the witness elected not to testify during the plaintiffs' case, that he would not be permitted to testify for the defense. *Id.* Additionally, the court stated that if the witness did not appear, the plaintiffs would be "free to comment upon his absence." *Id.*

In the event St. Jude attempts to present evidence from witnesses that it would not voluntarily produce for Plaintiffs' case, Plaintiffs must also be allowed to call the same witnesses during their case-in-chief. Like the defendant in *Maran Coal*, St. Jude has argued that certain of the witnesses are outside the Court's subpoena power under Rule 45 of the Federal Rules of Civil Procedure. (Cohen Decl., ¶ 4, Ex. C). Even if that were true, [2] *Maran Coal* requires that St. Jude make those witnesses available if it intends to call them at trial. This is particularly so here, where two of the witnesses, Heinmiller and O'Brien, are high ranking officers of St. Jude and a third, Lia, Plaintiffs' former direct supervisor, is a Regional Managing Director and was voluntarily produced in Milwaukee for his deposition by St. Jude just one year ago. St. Jude cannot hide behind Rule 45. The purpose of the rule is to protect nonparty witnesses from the undue burdens of travel, not to facilitate gamesmanship by permitting a party to pick and choose

---

[2] It should be noted that Lia resides within 100 miles of the courthouse and that a subpoena has been issued for his appearance at trial. (Cohen Decl., ¶ 9). Plaintiffs have also issued a subpoena for Heinmiller's appearance. (Cohen Decl., ¶ 10).

4

how it will make certain witnesses available to testify and when strategically it will do so. Likewise, St. Jude's position that it is not in control of its former employee (Bartos) lacks merit since control over the witness is not dispositive of the issue and in any event, if it calls her in its case-in-chief and she appears voluntarily, it obviously has secured her appearance by some measure of control over her.[3] *Maran Coal*, 1996 WL 11230, at *2 (citing *Gulf Oil*, 776 F. Supp. at 839). Accordingly, St. Jude should be precluded from introducing the witnesses' live testimony unless it agrees to make the witnesses available for Plaintiffs' case-in-chief. Lastly, if St. Jude opts not to produce the witnesses, *Gulf Oil* permits Plaintiffs to comment on their absence at trial.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion *in limine* should be granted such that St. Jude will be precluded from calling any witness to testify unless Plaintiffs are permitted to call the witness during their case-in-chief.

Dated: April 30, 2008

| | |
|---|---|
| GRIMSHAW & HARRING, P.C. | MEISSNER TIERNEY FISHER & NICHOLS S.C. |
| | s/ Thomas M. Hruz |
| Todd R. Seelman | Michael J. Cohen |
| Leslie E. Miller | Thomas M. Hruz |
| Wells Fargo Center | 111 East Kilbourn Avenue, 19th Floor |
| 1700 Lincoln Street, Suite 3800 | Milwaukee, Wisconsin 53202 |
| Denver, Colorado, 80203 | Telephone: (414) 273-1300 |
| Telephone: (303) 839-3884 | Fax: (414) 273-5858 |
| Fax: (303) 839-3838 | Email: mjc@mtfn.com; tmh@mtfn.com |
| E-Mail: seelman@grimshawharring.com; lmiller@grimshawharring.com | |
| | **ATTORNEYS FOR PLAINTIFFS H. SCOT LYMAN & CARDIOSTAT MEDICAL, LLC** |

---

[3] As noted above, Plaintiffs will nevertheless issue a subpoena to Bartos because she is located within the Court's subpoena power.