UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

H. SCOT LYMAN, *et al.*

     Plaintiffs,

v.                                             Civil Action No. 2:05-cv-00122-RTR

ST. JUDE MEDICAL S.C., INC.,

     Defendant.

---

### ST. JUDE MEDICAL'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO REQUIRE ST. JUDE TO PRODUCE CERTAIN WITNESSES FOR PLAINTIFFS' CASE-IN-CHIEF

St. Jude Medical S.C., Inc. ("St. Jude"), by its counsel Brian G. Cahill and David J. Turek of Gass Weber Mullins LLC, submits the following response to Plaintiffs' Motion *in Limine* to Require St. Jude to Produce Certain Witnesses for Plaintiffs' Case-in-Chief (Dkt. #150 and 151).

### SUMMARY OF ARGUMENT

Contrary to Plaintiffs' accusations, St. Jude's opposition to producing its out-of-state witnesses once for Plaintiffs' case and then recalling those witnesses again for St. Jude's case is motivated by efficiency and courtesy, rather than "gamesmanship." To be clear, St. Jude is not opposed to making certain witnesses available in Plaintiffs' case-in-chief. But if they are made available, the Court should allow the traveling witnesses to appear for one comprehensive examination, instead of piecemeal appearances over the course of three weeks. This approach is warranted by Federal Rule of Evidence 611, which allows this Court to control the interrogation of witnesses to further the efficient presentation of the evidence.

## LEGAL STANDARDS

Rule 611 permits the Court to control the "mode and order" of interrogating witnesses so as to (1) make the interrogation and presentation effective for the ascertainment of the truth; (2) avoid needless consumption of time; and (3) protect witnesses from harassment or undue embarrassment. Fed. R. Evid. 611(a). In addition, the Court has the authority to broaden the scope of cross-examination so that it is not limited only to the subject matter of the direct examination. Fed. R. Evid. 611(b). Read together, these provisions in Rule 611 allow the Court to require a singular, comprehensive examination of a witness, especially when that approach would save time and protect out-of-state witnesses from traveling more than once to testify at trial. *See, e.g., Sturm v. Clark Equip. Co.*, 547 F. Supp. 144, 146 (W.D. Mo. 1982) (allowing one examination of witness, where both parties would have full scope of direct examination).

## ARGUMENT

Pursuant to Rule 611, the Court should permit the parties to complete the examination of the non-sequestered witnesses at one time, eliminating the need for many of the traveling or physician witnesses to re-appear at trial in both Plaintiffs' and St. Jude's cases. Plaintiffs' blanket request that Tom O'Brien, Jim Lia, John Heinmiller and Jo Ann Bartos either be produced for Plaintiffs' case or excluded altogether should be denied.

**A.     Tom O'Brien.**

As to Mr. O'Brien's testimony, the parties have agreed to the following accommodation. St. Jude will produce Mr. O'Brien at trial during St. Jude's case-in-chief for direct examination by counsel for St. Jude. Following this direct examination, counsel for Plaintiffs may cross-examine Mr. O'Brien without being limited to matters covered in the direct examination. After concluding all of its evidence other than Mr. O'Brien's testimony, St. Jude agrees that the

Plaintiffs' case-in-chief may be held open to include the testimony of Mr. O'Brien, but for no other evidence. At the close of Plaintiffs' evidence, Plaintiffs may make a proffer as to the testimony expected from Mr. O'Brien in response to any Motion for Judgment as a Matter of Law advanced by St. Jude. Finally, the parties have agreed that this accommodation shall not prejudice Plaintiffs' position as to the timing or scope of the examination of any other witness.

**B.     Jim Lia.**

St. Jude offered to produce Mr. Lia during Plaintiffs' case, provided that St. Jude could complete its direct examination during the same appearance. (May 7, 2008 Letter to Thomas M. Hruz, attached as Exhibit A to Declaration of David J. Turek). Plaintiffs rejected this proposal. Plaintiffs apparently are continuing to stand by their position that St. Jude should only be permitted to cross-examine Mr. Lia about matters raised in their direct examination, requiring St. Jude to re-call Mr. Lia in its case for testimony as to any matters beyond the scope of Plaintiffs' direct examination. (April 5, 2008 Letter from Michael J. Cohen, attached as Exhibit B to Turek Decl.). Plaintiffs' position is overly-rigid and inconsistent with Rule 611.

Plaintiffs served Mr. Lia with a trial subpoena at his residence in Naperville, Illinois. (Lia Trial Subpoena, attached as Exhibit C to Turek Decl.). Pursuant to Microsoft's "Live Search Maps," Mr. Lia resides 103.1 miles from the Federal Courthouse according to the route mapped for the "shortest time" to reach Milwaukee.[1] (Turek Decl., Exhibit D). Based on this calculation, Mr. Lia is outside this Court's subpoena power. *See* Fed. R. Civ. P. 45(b)(2). Plaintiffs, however, may be relying on a separate calculation that charts the "shortest distance"

---

[1] 28 U.S.C. § 1821 addresses the calculation of mileage for witnesses attending "any court of the United States." Pursuant to subsection (c)(2), the statue specifies that mileage shall be calculated pursuant to 5 U.S.C. § 5704. The regulations under that section, in turn, state that mileage is computed "[a]s shown in paper or electronic standard highway mileage guides, or the actual miles driven as determined from odometer readings." *See* 41 C.F.R. § 301-10.302 (How do I determine distance measurements for my travel?). St. Jude submits that Microsoft "Live Search Maps" is an appropriate "electronic standard highway mileage guide."

from Mr. Lia's residence to the Courthouse. According to that calculation, Mr. Lia resides 99.2 miles from the Courthouse via side roads, although it would take Mr. Lia an additional hour of time (2 hours, 38 minutes, one-way) to travel this route to Milwaukee. (Compare Turek Decl., Exhibit E with Exhibit D).

Regardless whether Mr. Lia travels 99.2 or 103.1 miles one-way, it is an inconvenience at the very least for him to make this trip twice to testify at trial. In addition to inconveniencing Mr. Lia, Plaintiffs' approach wastes important trial time by having Mr. Lia step down, only to be examined again later about issues that will probably closely relate to his first examination. To save time and protect Mr. Lia from the undue burden of traveling to Milwaukee twice, the Court should adopt St. Jude's proposal and allow Mr. Lia to be comprehensively examined during one appearance in Plaintiffs' case-in-chief.

**C.     John Heinmiller.**

St. Jude has not agreed to produce Mr. Heinmiller voluntarily for Plaintiffs' case because, as detailed in St. Jude's motion to quash the Heinmiller trial subpoena, he is well-beyond the Court's subpoena power and his anticipated testimony is largely irrelevant. (*See* St. Jude's Brief in Support of Motion to Quash Heinmiller Subpoena, filed 5/14/2008). Nevertheless, in the event Mr. Heinmiller is required to appear live for trial from his home in Minnesota, St. Jude should still be permitted to complete his testimony in one appearance.

**D.     Jo Ann Bartos.**

Plaintiffs' motion is unclear as to what relief it seeks concerning Jo Ann Bartos. Plaintiffs correctly note that Ms. Bartos is no longer employed by St. Jude. As a result, St. Jude no longer has the necessary control to require Ms. Bartos to appear at trial, much less during Plaintiffs' case-in-chief. The only "control" that St. Jude has over Ms. Bartos is a trial subpoena,

4

which it plans on issuing to Ms. Bartos to compel her appearance at trial, if necessary. From Plaintiffs' brief, it appears they are taking the same approach. In light of the dual subpoenas, it makes the most sense to have Ms. Bartos, a non-party, appear once during Plaintiffs' case. St. Jude could complete its entire examination at that time, eliminating the need for Ms. Bartos to appear again later in the trial.

**E.     Other Witnesses.**

The Court should adopt the "one-appearance" rule for the other witnesses that both parties intend to call at trial. Although this procedure would not apply to the party representatives that in all likelihood will be attending the entire trial (*i.e.,* Fred Hjertstedt and Mr. Lyman, presumably), a single appearance by witnesses (particularly busy third-party witnesses) is the most efficient and least burdensome method to handle the remaining, mutual witnesses. Under St. Jude's proposal, the following witnesses could appear once, at which time both parties would have a full and complete opportunity to examine the witness:

> • **Richard Ames** – Mr. Ames is a former St. Jude employee who resides outside the subpoena power of the Court in Austin, Texas or possibly Colorado. (Plaintiffs' Pre-Trial Report at 4, Dkt. # 158). Apparently, Mr. Ames will voluntarily appear at trial to testify in the Plaintiffs' case. The "fairness" rationale that underlies the decisions cited in Plaintiffs' motion supports St. Jude having the opportunity to fully examine a witness that voluntarily agrees to appear in Plaintiffs case, but who may not be available later in the trial.
>
> • **Chris Kajfosz** – Like Ms. Bartos, Mr. Kajfosz is a former St. Jude employee who continues to work in the medical field in Milwaukee. Although both parties have apparently subpoenaed Mr. Kajfosz, it will be more efficient and less burdensome on Mr. Kajfosz to complete his testimony during one appearance.
>
> • **Drs. Lanzarotti and Niazi** – Dr. Lanzarotti and Dr. Niazi are two busy cardiac physicians who are not parties to this case. The physicians (and the jury) will probably appreciate a one-time appearance to complete all of their testimony with only one disruption to their schedules.

St. Jude suggests that its proffered approach would conserve the Court's time, the witnesses' time, and the parties' time and expense. In addition, the evidence will come in more coherently for the jury if both parties are permitted to complete their full direct and cross-examinations during the same appearance. For the sake of practicality, efficiency, and courtesy to the witnesses, the, non-representative witnesses named by both parties should all be allowed to appear once for testimony without reference to limitations on the scope of cross examination.

## CONCLUSION

For the above reasons, Plaintiffs' motion to require St. Jude Medical to produce certain witnesses for Plaintiffs' case-in-chief should be denied. Instead, the Court should adopt St. Jude's proposal for completing the examinations of the non-representative witnesses identified by both parties during a single appearance at trial.

Dated this 14th day of May, 2008.

GASS WEBER MULLINS LLC

s/ David J. Turek
David J. Turek, SBN 1035356
Brian G. Cahill, SBN 1008879
Attorney for Defendant, St. Jude Medical S.C., Inc.
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, WI 53202
Telephone: 414-223-3300
Fax: 414-224-6116
turek@gasswebermullins.com
cahill@gasswebermullins.com